**FILED**

APR 17 2019 AM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **19CR 332** |
| | ) | |
| v. | ) | Violation: Title 7, United States Code |
| | ) | Section 13(a)(4) |
| WILLIAM CANIFF | ) | **JUDGE BLAKEY** |
| | | Under Seal    MAGISTRATE JUDGE SCHENKIER |

## COUNT ONE

The SPECIAL JANUARY 2019 GRAND JURY charges:

1.    At times material to this Indictment:

a.    Defendant WILLIAM CANIFF, who resided in Ohio, held himself out as being the Managing Member of an entity known as BBOT 1, LP (BBOT). CANIFF described BBOT as being in the business of investing partnership assets, and as being a hedge fund. BBOT obtained funds from third parties.

b.    CANIFF also held himself out as the General Partner of an entity known as Berkley Binary Options Trading, Ltd. (Berkley), which CANIFF described as being in the business of trading binary options as a commodity pool.

c.    The North American Derivatives Exchange, Inc. (Nadex), which was headquartered in Chicago, Illinois, was a "registered entity" for purposes of the Commodity Exchange Act. Nadex was designated by the U.S. Commodity Futures Trading Commission (CFTC) as a Designated Contract Market and a Derivatives Clearing Organization.

d. In order to trade on Nadex, an individual or entity had to submit an application and be approved by Nadex as a Trading Member. The applicant was required to answer certain qualifying questions including questions about any prior criminal convictions. Information about an applicant's criminal history was material to Nadex's decision to approve an individual or entity as a Trading Member.

e. Prior to November 2012, CANIFF had been convicted of or pled guilty to multiple felonies.

f. In or about November 2012, CANIFF submitted an application to Nadex to open a personal trading account. Nadex approved that application. In response to a question about whether CANIFF had been convicted of, pled guilty to, or entered a plea of no contest or plea agreement to any felony in any domestic, foreign, or military court, CANIFF answered "No."

g. In or about December 2013, CANIFF submitted to Nadex an application, which he signed in or about August 2013, in order to open a trading account for Berkley. Nadex approved that application. In response to a question about whether he had been convicted of, pled guilty to, or entered a plea of no contest or plea agreement to any felony in any domestic, foreign, or military court, CANIFF answered "No."

h. In or about March 2015, CANIFF submitted to Nadex an application, which he signed in or about February 2015, in order to open another trading account for Berkley. Nadex approved that application. In response to a question about whether he had been convicted of, pled guilty to, or entered a plea of no contest or plea agreement to any felony in any domestic, foreign, or military court, CANIFF answered "No."

2

i.     In or about February 2016, CANIFF submitted an application to Nadex to open a trading account for BBOT. Nadex approved that application. In response to a question about whether he had been convicted of, pled guilty to, or entered a plea of no contest or plea agreement to any felony in any domestic, foreign, or military court, CANIFF answered "No."

2.     Beginning in or about November 2012, and continuing until in or about October 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM CANIFF,

defendant herein, devised a trick, scheme, and artifice in order to willfully conceal material facts from Nadex, and to falsify material facts provided to Nadex—namely, facts concerning defendant's prior criminal history—and defendant made false and fraudulent statements and representations to Nadex regarding these facts, which trick, scheme, and artifice is further described below.

3.     It was part of the scheme that CANIFF willfully made material false representations to Nadex on four Nadex applications, so that Nadex would approve the applications, and CANIFF would be able to open trading accounts and trade on Nadex.

4.     It was further part of the scheme that CANIFF submitted applications to Nadex in 2012, 2013, 2015, and 2016, in which he falsely represented that he did not have any prior criminal convictions, when CANIFF knew that he had been convicted of multiple felonies.

3

5.	It was further part of the scheme that CANIFF misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and acts done in furtherance of the scheme.

6.	On or about February 6, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM CANIFF,

defendant herein, willfully made a material false and fraudulent statement and representation to Nadex on an application for a trading account in defendant's name, namely, when defendant was asked on the Nadex application whether he had been convicted of or pled guilty to any felony, defendant falsely and fraudulently answered "No," when, in fact, defendant knew that he had numerous felony convictions, which defendant intentionally and willfully concealed in order to prevent Nadex from denying the application;

In violation of Title 7, United States Code, Section 13(a)(4).

4

## **COUNT TWO**

The SPECIAL JANUARY 2019 GRAND JURY further charges:

1.      Paragraphs 1 through 5 of Count One of this Indictment are incorporated here.

2.      On or about February 25, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

WILLIAM CANIFF,

defendant herein, willfully made a material false and fraudulent statement and representation to Nadex on an application for a BBOT trading account, namely, when defendant was asked on the Nadex application whether he had been convicted of or pled guilty to any felony, defendant falsely and fraudulently answered "No," when, in fact, defendant knew that he had numerous felony convictions, which defendant willfully concealed in order to prevent Nadex from denying his application;

In violation of Title 7, United States Code, Section 13(a)(4).


A TRUE BILL:


_____
FOREPERSON


_____
UNITED STATES ATTORNEY